869 F.2d 594
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dora Del PILAR, Plaintiff-Appellant,
v.
MAYOR AND CITY COUNCIL OF BALTIMORE CITY; Frances Kuchta,
Director, Jay Thorpe, Bureau Head; Jerald Winegeart,
Facilities Plant Manager; Richard Cox, Lab Technical
Administrator, Defendants-Appellees.
 No. 88-2147.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 4, 1989.
Decided: Feb. 7, 1989.
 
 Donald D. Hecht, Leslie L. Gladstone (Leslie L. Gladstone, P.A., on brief), for appellant.
 Neal M. Janey, City Solicitor; Ambrose T. Hartman, Deputy City Solicitor; William R. Phelan, Jr., Special Solicitor (Department of Law, City of Baltimore, on brief), for appellees.
 Before HARRISON L. WINTER, Chief Judge, and K.K. HALL and JAMES DICKSON PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff, an employee of the Department of Public Works of Baltimore City serving in the position of Laboratory Supervisor for Quality Control at the Back River Environmental Plant, sued her employer and her supervisors pursuant to 42 U.S.C. Secs. 1981 and 1983. She claimed that she had been deprived of privileges and immunities secured by the equal protection and due process clauses of the fourteenth and fifth amendments to the United States Constitution. Specifically, plaintiff alleged that she had been denied opportunities for assistance and training given to other employees in her position. She also asserted a cause of action for the Maryland common law tort of intentional infliction of emotional distress.
 
 
 2
 The district court dismissed plaintiff's amended complaint and her subsequently filed second amended complaint. It ruled that, with respect to her federal claim, plaintiff had failed to allege the denial of a federal right. First, plaintiff had not alleged denial of her rights by reason of her age, sex or race. Second, she had not alleged a deprivation of some constitutionally-protected life, liberty, or property interest. The court also ruled that plaintiff's allegations were not sufficient to state a cause of action for intentional infliction of emotional distress under Maryland law.
 
 
 3
 We agree. Accordingly, we affirm for the reasons set forth in the memorandum opinion of the district court, see Pilar v. Mayor and City Council of Baltimore, Civ. No. N-87-2861 (D.Md. Apr. 22, 1988) (unpublished), and its order denying plaintiff's motion to reconsider its dismissal of plaintiff's second amended complaint. See id. (D.Md. June 28, 1988) (unpublished).
 
 
 4
 Because we concluded that the decisional process would not be aided by oral argument, we declined to hear counsel and have decided the case on the briefs.
 
 
 5
 AFFIRMED.